# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| AUTUMN GARENS, | ) | CASE NO.: 5:22-CV-00783 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | **MEMORANDUM OF OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

This matter comes before the Court on objections filed by Plaintiff Autumn Garens to the Report and Recommendation ("R&R") of the Magistrate Judge. On March 15, 2023, the Magistrate Judge issued his R&R in this matter recommending that the Court affirm the Commissioner. On March 27, 2023, Garens objected to the R&R. On April 10, 2023, the Commissioner responded to the objections. The Court now resolves the objections.

District courts conduct *de novo* review of those portions of a magistrate judge's R&R to which specific objections are made. 28 U.S.C. § 636(b)(1). However, in social security cases, judicial review of a decision by the Commissioner is limited to determining whether the decision is supported by substantial evidence based upon the record as a whole. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). The substantial evidence standard is met if "a reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004). If substantial evidence supports the

1

Commissioner's decision, this Court will defer to that finding "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Id.*

Bosworth objects to the Magistrate Judge's review of the ALJ's analysis of her treating providers. Specifically, not that the ALJ failed to address the statements from the treating providers, but rather failed to address specific observations of the treating providers' observations "of Plaintiff's most severe symptoms or their recommendations for more intensive treatments." Doc. 12, p. 2. In other words, Plaintiff contends that the ALJ "cherry picked" portions of the record to support a finding of non-disability and ignored evidence supporting a disability finding. Doc. 12, p. 2. Plaintiff's sparse objection states in general terms that she "submits again that the ALJ erred in his evaluation of the evidence, which resulted in both a residual functional capacity determination and a consideration of treatment providers' statements that lacked the support of substantial evidence." Doc. 12, p. 3. She merely refers this Court to her initial brief on the matter, stating that "nowhere in his decision did the ALJ address the evidence outlined in Plaintiff's brief regarding the treatment providers' observations of Plaintiff's most severe symptoms or their recommendations for more intensive treatment." Doc. 12, p. 2.

> On this issue, the R&R explains:
>
> Garens asserts that "[t]he ALJ's finding that [she] retained a residual functional capacity for light, unskilled work was not supported by substantial evidence." Doc. 7, at 8. Unfortunately, Garens never explains why this might be so. Instead, after reciting applicable standards, id. at 8–10, Garens briefly reviews evidence from Nurse Stenger and Counselor Darling-Mellott and asserts that, after years spent treating Garens, their "observations … about the severity of [Garens's] limitations are consistent with each other," id. at 10. But Garens never so much as hints at why the ALJ's decision is not supported by substantial evidence. See id. at 10–11.
>
> And this omission matters because "so long as substantial evidence supports the conclusion reached by the ALJ," it doesn't matter if substantial evidence also supports a claimant's position. *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997).

2

> So, whether—as Garens says—"[s]ubstantial evidence supports the conclusion that [Garens] ought to have been found to be disabled," Doc. 7, at 11, is irrelevant unless she shows that substantial [evidence] does not support the ALJ's decision, see *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004). Garens has thus forfeited any argument that the ALJ's decision is unsupported by substantial evidence. See *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones."). Since this is the only argument of consequence in this case, the Court should uphold the Commissioner's decision.

Doc. 11, p. 18.

In her objection, Garens similarly fails to demonstrate that there was not sufficient evidence in the record to support the ALJ's conclusion and instead points to evidence to support her position. Accordingly, the R&R did not err when it found Garens forfeited any argument that the ALJ's decision was unsupported by substantial evidence.

For the reasons stated above, Garens' objection is OVERRULED. The R&R is ADOPTED IN WHOLE. The decision of the Commissioner is hereby AFFIRMED.


Dated: May 22, 2023                                            /s/ *John R. Adams*
                                                               JUDGE JOHN R. ADAMS
                                                               UNITED STATES DISTRICT JUDGE